17-2918 Third Auto Insurance Company v. Bahena, FL William Ransom, on behalf of the L.M. plaintiff's direct auto. Good morning. Healy Hillison on behalf of the L.M. plaintiff's direct auto. Good morning. Healy Hillison on behalf of the L.M. plaintiff's direct auto.  issue regarding the effect of a prior judgment in a subsequent case that was based on all the same material facts. The original case, as we referred to in our briefs, is BAHANA 1. That was before Judge Valderrama, and Judge Valderrama in that BAHANA 2 didn't provide coverage for an accident in April of 2012 because it was properly rescinded due to material misrepresentations on the application. The defendants in BAHANA 1 were the direct auto insureds, Erica BAHANA and Jessica BAHANA, who was the operator, plus all the individuals who were actually claimants at the time BAHANA 1 was filed. Notably, and one of the reasons we're here today is because Noel Hernandez was not named a defendant in BAHANA 1, and the reason being was that Noel litigation at the time that motion for summary judgment was pending. After Judge Valderrama entered judgment in favor of direct auto in BAHANA 1, Mr. Hernandez's claim and lawsuit were learned of, and direct auto filed a subsequent lawsuit basically changing the material misrepresentation to asking for a finding for the subsequent court to respect Judge Valderrama's judgment in BAHANA 1. And we believe this case comes down to whether the judgment in BAHANA 1 is applicable to BAHANA 2 under arrest judicata. Now, I don't think there's a lot of dispute as to the different elements in arrest judicata which apply. Of course, there is the element that there'd be a final judgment on the merits in BAHANA 1 with Judge Valderrama. He took motions for summary judgment that were contested and were to enter a default judgment. We asked the trial court to enter a default judgment essentially to get it before this court. If you look at the procedural history of BAHANA 2. Where do you find any case law that would support that type of conduct? Okay. Let me back up for a second. I mean, if you're going to invite that, then how do you come back and claim error? Again, I'd like to back up because I think I missed, I didn't speak precisely when you asked me that question. I don't believe that the plaintiff invited the court to enter default judgment. And I understand the invited error issue has been raised, but it's my sincere belief that it really actually wasn't invited in this case. In the case, the plaintiff informed the circuit judge in BAHANA 2 that it was no longer going to answer discovery, so acknowledged that there may be some type of... And it's your argument that that's not invited error? Yes, it is my argument that it's... What case would support that? Your Honor, I don't have a case that I can support it. Because there aren't any. Well, I can say that there are cases that explain invited error, and it has to be, you know, a waiver of a right, and I don't believe that the plaintiff or our case below in BAHANA 1 actually waived that right or specifically invited the court to... As far as I'm concerned, that trial strategy puts you in a pickle. I used to do the same work, and my God, I never saw anybody do that in my life. Well, at the point that we were at in the procedural history of the case... When you're frustrated, you can't do things like that. But we were going to get to a point where the judge was, again, deciding things on the merit that would have frustrated the ordering BAHANA 1. See, judges will always frustrate lawyers, because lawyers know the case usually better than the judge, and if they don't, they certainly think they do. So you become frustrated. I was frustrated every day of my life. I practiced for 36 years of frustration, okay? But the question is, you know, you invite error when you do things like that. Yeah, again, Your Honor, I respect what you're saying, but I don't believe it was invited error when you're moving in a certain litigation strategy and you acknowledge to the court that if you do not answer discovery, the court has certain powers to proceed. And at that point, we told the court we weren't answering discovery. We acknowledged then the court had certain ability to enter sanctions. We didn't ask the court to enter those sanctions. We didn't invite the court to enter those sanctions. I believe if you're reading... I think you did. Let's go on the other issue, the question of whether there was a cause of action. Whether there was a cause of action asking that the court recognize and apply rest judicata to BAHANA 2. I believe there was a cause of action in that case, Your Honor, because there was already a determination, a final judgment in BAHANA 1, which I believe met all the elements of rest judicata. I think the only element that was in dispute and is in dispute on appeal, whether Mr. Hernandez was in privity with the defendants in BAHANA 1. Privity, of course, has been recognized where defendants in one case have identical interests as the defendants in the second case. Now, what does identical interests mean? In our case, we're talking about an automobile insurance policy in which the defendants are trying to seek coverage under that policy. The insurers obviously want coverage in duty to defend and indemnify, and the defendant claimants want to be indemnified in that case. So they had identical interests in seeing that the insurance policy provided coverage to all the people in that case. So why not just bring them all in? Well, at the time, there was no claim or lawsuit pending by Noel Hernandez. So it wasn't asserting that they had any interest in that case. When they asserted later that they had an interest in the policy, the bell had already been rung. Judge Valderrama had entered his decision on the merits in BAHANA 1, so there was no reason to bring Hernandez in initially in this case. And that's why it proceeded in that fashion. Had Hernandez, and Judge Gordon used to handle these cases. I've handled a lot of these cases. We bring in, you know, all the claimants that are out there that we know of and that are having lawsuits. It's done all the time. But you can't piecemeal this and wait to see if something happens. Well, you did not raise the issue of race judicata in the denial of your motion to dismiss, did you? In the motion to dismiss, in the 619 portion of the motion to dismiss, which I believe is also Part 2 of our opening brief on appeal, we did raise it again. And we raised it a number of times before the court in BAHANA 2, both on motions. Well, it's not in your appellate brief concerning the denial of your motion to dismiss. I believe that Section 2 of our appellate brief deals with that, Your Honor, about the application of race judicata. It may do it in the overall that judgment couldn't be entered because of the race judicata, but we do raise the issue in our briefs on that. So I think this case comes down to if there was privity between Mr. Hernandez and the other defendants in the case, then I believe that race judicata should have applied in BAHANA 2. And because their interests are mutually aligned, I don't see how race judicata would not apply in this case. So for those reasons, Your Honor, I would ask that the trial court's default judgment be vacated and this remanded for further proceedings consistent with the court's opinion regarding the motions to dismiss the counterclaim. May it please the Court. Again, my name is Keely Hillison. I represent the injured passenger, Noel Hernandez, who's a defendant and counterplaint in this case. Counsel claimed that when we file these actions, we bring in all the claimants that we know about. That just wasn't the case here. Direct Auto knew very well that Noel Hernandez was the injured passenger in this accident. Direct Auto simply, or its attorney, simply chose not to bring Noel Hernandez into the first case for whatever reason. Noel Hernandez was never lost or unknown to Direct Auto or its attorneys. There was no excuse for not bringing in Noel Hernandez. Direct Auto must have had, or at least could have easily obtained, a police report of this accident. That police report stated very clearly Noel Hernandez's name, address, birth date, the fact that he had a B injured at the scene, the fact that he was transported by ambulance to Mount Sinai Hospital, the fact that he was a passenger in the car driven by Ami Kishta. That was all known to Direct Auto. But Direct Auto chose not to name Mr. Hernandez as a party to the first action. There is no case that I'm aware of or that counsel has cited that allows an insurance company in filing a declaratory judgment action to determine coverage under policy to choose whether or not to join some necessary parties, or at least to try not to, or at least not to try to join those parties. This court in Safeco v. Trennis allowed a declaratory judgment to stand where some necessary parties could not be brought in, or talked about, well, maybe where it's unfeasible or impossible to bring in necessary parties. Maybe that judgment can stand. But that's not the case here. And in the Safeco v. Trennis case, it was actually a party who was before the court who was complaining that some other necessary party was not absent. That's not the case here. Here we have the very party who was not brought in who's complaining, hey, wait a minute, I didn't get my day in court. I'm a necessary party and you didn't name me. There's no case that says Direct Auto can do that. In fact, this court has held that a declaratory judgment determining coverage under insurance policy is void as to necessary parties who are not joined. We cited several cases to that effect. There's Safeway v. Harvey. There's Allied American v. Ayala. There's Society of Mount Carmel v. National of Ben Franklin. Counsel hasn't cited one case where a necessary party who was not joined was not allowed to object and get his day in court as to whether or not there was coverage. And counsel's just not being accurate when he says that, well, we didn't join Noel Hernandez because we didn't know about him. Noel Hernandez filed his personal injury lawsuit within the two-year statute of limitations to do so and five full months before a declaratory judgment was entered in that first declaratory judgment action. Five months. What did Direct Auto do during that time? Never informed the court, never informed Judge Balderrama that there was this other lawsuit out there, this other injured party who had an interest in the litigation. Instead, Direct Auto pushed and pushed until it finally got summary judgment from Judge Balderrama. It wasn't just originally the judge denied their motion for summary judgment. They brought a motion to reconsider, and somehow they got Bohena to back down. So it really wasn't contested even in the first case. It's troubling that Direct Auto knew about this necessary party but didn't join the necessary party, Noel Hernandez, in the first action and never informed the judge in that first action that there was an interested party, an injured party, a necessary party who was not joined. It's troubling also that even assuming that Direct Auto didn't know about Noel Hernandez until after the summary judgment was entered in the first action, clearly Direct Auto knew about him within time to alert the judge and vacate the summary judgment and bring him into the first action. Because Direct Auto filed this lawsuit, this declaratory judgment action against Noel Hernandez just two weeks after judgment was entered in the first action. So they're well within the 30 days to file a motion and say, oh, sorry, Judge, we didn't know about this necessary party who was not joined in this action. It's troubling that instead of doing that, Direct Auto filed a whole new action that was assigned to a whole different judge and thereby never informed Judge Valderrama that there was a jurisdictional problem with his original judgment. The judgment from the first action is Boyd is to Noel Hernandez because he was a necessary party and he was not joined. And we cited multiple cases of that effect. Counsel argues that somehow the Behinas and Noel Hernandez were imprivities so that race to the cot would apply. They haven't cited any case that holds that a torque teaser in a traffic accident is somehow imprivity with the stranger that that person injures. There is no basis for any such ruling. Since there was no privity, race to the cot does not apply. Collateral estoppel does not apply. There is nothing to bind Noel Hernandez to this judgment in Behina 1. This Court need not decide whether or not a declaratory judgment action can ever proceed or stand against a necessary party who was not joined. That's not the case here. You need only decide whether a necessary party who was not joined in that action is bound by the judgment in which he had no say. Isn't the law quite clear about that? It is. It is. He's not bound. The judgment is Boyd. Since the judgment is Boyd as to Noel Hernandez, it cannot operate as race to the cot. And neither an insurance company nor a claimant should be allowed to manipulate the litigation in the courts or the rights and property of interested parties by hiding the interested parties from the court or by hiding the litigation from interested parties. And that's what happened here. I don't know if it was Direct Auto or Direct Auto's attorneys, whether it was a mistake or whether it was deliberate, but Noel Hernandez was well known to Direct Auto or its attorneys and should have been named in the first declaratory judgment action. He was a necessary party. He was not named. He's not bound by the judgment. And even apart from that, you are correct that Direct Auto invited the default judgment in this case. Read the transcript. It wasn't simply standing back and saying, we're not going to answer. Mr. Newman specifically said, go ahead and enter the default judgment. So for all these reasons, we're asking that you affirm the judgment of the trial court. Thank you. The medal. Just a couple points. What if somebody has privity, has been defined to include persons who are intended beneficiaries under an insurance policy? In this case. How do you get around that when you get Hernandez? I'm sorry? How do you get around? Not bringing in Hernandez? Sorry, I didn't hear the first part. Because counsel says we are aware of Hernandez being in the accident, or Hernandez had never asserted any claim. So we're not going to bring Hernandez in if no claim is being asserted by Hernandez in any way just to drag him into court. So it's your position that you did not have to make Hernandez a necessary partner, is that correct? Correct. And I don't believe Hernandez. What case supports that? I believe I cited something in my reply brief. Pardon me? The case you cited didn't say that. I think what the case said is that there's an exception to necessary parties in the doctrine of representation, and that applied in this case. First of all, I believe it was for the exception that it had to be equitably represented in the underlying case, which I believe occurred. I mean, there's no dispute. Counsel said to this court that there is no evidence in the underlying case, but that's not true. If you looked at the record, which I know you did, the motions for summary judgment and both the request to admit in the underlying case in BAHANA I and the affidavits were attached there, and there was evidence. So that case was defended by the law. What evidence? Tell me where there was evidence. In the BAHANA case? I'm sorry, BAHANA I? No, in your case. Well, in my case, we were relying on res judicata and not evidence of material misrepresentation. We had already, we took the position, and we still take the position that there's. Evidence that Hernandez was adequately represented, even though he wasn't a party to the action. I mean, where is there such evidence? Where can you find such evidence? I can't point to anything. You can't point because it doesn't exist. Well, the fact that you, I don't believe that. You see, the problem here is we actually read these things. I actually do in every case. I read the record all the time. So when I ask you where is it, I'm telling you it's not there. Show me. I'm a human being. I'm getting older. Maybe I missed something. Okay, well, maybe we have a misunderstanding as to what adequately represented in that case. As a court on panel asking me where they put up certain type of defenses, what they asserted in BAHANA I to adequately defend that case, the fact is that they filed counterclaims and they did discovery, and I think that's clear. You think through that method that that would be adequate representation? How else would you represent somebody except for to defend the case and try to defeat the complaint in BAHANA I? I don't think I'm required or it's necessary that I point to specific. So your position is as long as you do those things, that's enough? Well, I think my position is that if an attorney is competently representing the other defendants. He's also representing Hernandez, too. Well, he's not representing Hernandez in the underlying case. He's adequately representing Hernandez's interest because they're aligned with the other defendants in that case. They all are looking to defeat. Okay, so that's your position? Yes. Thank you. Thank you, guys, for an interesting case and interesting arguments and interesting briefs, and we'll take the case under advisement and we'll give you an order or an opinion very shortly. Order's adjourned.